# STATE OF MICHIGAN

# COURT OF APPEALS

ESTATE OF WILLIAM BUTLER, SR., by
MARY BUTLER, Personal Representative,

Plaintiff-Appellant,

v

GUSTAVE JANSSENS, JR., also known as
GUSTAVE JANSSEN, JR., doing business as
THE BARBERS,

Defendant-Appellee.

UNPUBLISHED
December 26, 2017

No. 334888
Monroe Circuit Court
LC No. 15-138185-NO

Before: MURRAY, P.J., and K. F. KELLY and FORT HOOD, JJ.

PER CURIAM.

In this premises liability action, plaintiff appeals as of right the trial court's order granting defendant's motion for summary disposition. We affirm.

This premises liability action arises from a slip and fall that occurred outside of a barbershop owned by defendant. The estate of William Butler, Sr., by its personal representative, decedent's wife, Mary Butler ("plaintiff"), alleged below that her late husband fell and sustained serious injuries after placing his walker on a defectively installed concrete step situated next to a low landing leading to the front door of defendant's barbershop. Defendant moved for summary disposition pursuant to MCR 2.116(C)(10), arguing that the record evidence did not establish that the alleged defective step caused plaintiff's decedent's fall, and alternatively that the alleged defective step was an open and obvious condition. Plaintiff filed both a response and amended response asserting that genuine issues of material fact existed on these issues to warrant trial, and the trial court disagreed, granting summary disposition in favor of defendant. Plaintiff now appeals as of right.

Plaintiff first argues that the trial court erred when it found that genuine issues of material fact did not exist regarding whether the step outside of defendant's barbershop was the cause of plaintiff's decedent's fall. We disagree.

This Court reviews the grant or denial of a motion for summary disposition de novo. *Arias v Talon Dev Group, Inc*, 239 Mich App 265, 266; 608 NW2d 484 (2000). "A motion brought under MCR 2.116(C)(10) tests the factual support for the plaintiff's claim." *Id.* This Court considers the "pleadings, admissions, and other evidence submitted by the parties in the

-1-

light most favorable to the nonmoving party." *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). Summary disposition "is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id*. A genuine issue of material fact "exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v General Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003) (citations omitted).

To sustain an action for premises liability, a plaintiff must show the elements of negligence, namely that "(1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Mouzon v Achievable Visions*, 308 Mich App 415, 418; 864 NW2d 606 (2014) (citations and quotation marks omitted). "Proof of causation requires both cause in fact and proximate cause." *Wiley v Henry Ford Cottage Hosp*, 257 Mich App 488, 496; 668 NW2d 402 (2003) (citation omitted). In order to show the existence of cause in fact, plaintiff must demonstrate that the injury would not have happened "but for the negligent conduct." *Id*.

Plaintiff disputes the trial court's decision to grant defendant's motion for summary disposition based on the "causation" element of negligence, and argues that the circumstantial evidence presented is sufficient to create a question of fact regarding causation beyond mere speculation or conjecture. Plaintiff primarily presents two different theories to explain how plaintiff's decedent fell and was injured. The first theory is that there was a gap in the step that trapped the wheels of plaintiff's decedent's walker, causing him to fall. The second theory is that the step was unstable, and plaintiff's decedent fell when the step wobbled as he stood on it.

With regard to her first theory, which suggests that a gap in the step caused plaintiff's decedent to fall, plaintiff gave very speculative testimony during her deposition concerning whether the alleged gap was indeed the cause of plaintiff's decedent's fall. For example, plaintiff testified that she did not see a gap in the step until after plaintiff's decedent fell. She also testified that she could remember "the wheel turning sideways maybe on the walker. I think I can remember and then I'm not sure," and indicated that she did not know whether the gap caused plaintiff's decedent's fall. Plaintiff testified that she "assumed" that plaintiff's decedent lifted up his walker because the walker was stuck somewhere, specifically stating "that's probably why [plaintiff's decedent] was doing that. I assume that's why [plaintiff's decedent] was doing that."[1] Plaintiff further testified, referring to plaintiff's decedent's fall, in pertinent part, as follows:

> He picks his walker up, he steps up, he starts to step to the other step, and that was it, that's when it –when he fell it sounded like a shot.

While hospitalized in the days following his fall, according to plaintiff, plaintiff's decedent "just didn't know why he fell." Thus, it is clear from this testimony that plaintiff did not actually see how decedent fell, and was merely speculating that the fall was caused by a gap in the step.

---

[1] Plaintiff was referring to plaintiff's decedent lifting up his walker.

Plaintiff alternatively alleges that plaintiff's decedent fell because the step was wobbly and unstable. To support this theory, plaintiff points to the June 2, 2016 and July 31, 2016 affidavits of her son-in-law, Michael Pipis, and plaintiff's own August 11, 2016 affidavit. Pipis, familiar with defendant's business because he was also a patron there, averred in his affidavits that the step wobbled back and forth, and that he did not observe a gap, but that it was more than likely that a gap existed because the step was not attached to the landing. In her affidavit, plaintiff averred that upon reading her son-in-law's description of the step, it made sense to her that the step wobbling back and forth was the cause of plaintiff's decedent's fall and subsequent injury. Notably, plaintiff did not mention that the step wobbled during her deposition, instead choosing to focus on the gap in the step. At the hearing on defendant's motion for summary disposition, plaintiff's counsel focused her arguments on the theory that the fall was the result of a wobbly step. On these facts, it is reasonable to conclude that plaintiff attempted to create a factual dispute by raising the issue of the wobbly step to avoid summary disposition being granted in defendant's favor.

We agree with the trial court that the record evidence does not create a genuine issue of material fact with respect to whether plaintiff's decedent's injuries were caused by defendant's actions. While plaintiff offers multiple theories of causation, at best these theories are inconsistent and speculative in nature. As noted above, in her deposition testimony, plaintiff, the only person to witness plaintiff's decedent's fall, was very unclear about how plaintiff's decedent in fact fell. Further, beyond the affidavits presented following defendant filing its motion for summary disposition on the theory of causation, plaintiff did not put forth additional evidence supporting her theory that plaintiff's decedent indeed fell on a wobbly step. "[P]arties may not contrive factual issues merely by asserting the contrary in an affidavit after having given damaging testimony in a deposition." *Dykes v William Beaumont Hosp*, 246 Mich App 471, 480; 633 NW2d 440 (2001) (citations and quotation marks omitted).

We acknowledge that circumstantial evidence may be used to show causation, but proof of causation cannot be a matter of "mere speculation[,]" as it is here. *Skinner v Square D Co*, 445 Mich 153, 164; 516 NW2d 475 (1994).

> [A]t a minimum, a causation theory must have some basis in established fact. However, a basis in only slight evidence is not enough. Nor is it sufficient to submit a causation theory that, while factually supported, is, at best, just as possible as another theory. Rather, the plaintiff must present substantial evidence from which a jury may conclude that more likely than not, but for the defendant's conduct, the plaintiff's injuries would not have occurred. [*Id.* at 164-165.]

In our view, plaintiff's theories that plaintiff's decedent fell as a result of his walker getting caught in the gap between the step and the landing or as a result of a wobbly step are not grounded in the record evidence. Put another way, on this record, the evidence is not such that the jury could reasonably conclude that, but for defendant's conduct, plaintiff's decedent would

not have incurred the injuries that he did. *Id*. Accordingly, we disagree with plaintiff's assertion that genuine issues of material fact existed with regard to the element of causation.[2]

Affirmed.

/s/ Christopher M. Murray
/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood

---

[2] Given our disposition of this appeal, we need not address plaintiff's remaining argument concerning whether the trial court correctly concluded that the condition at issue was open and obvious.