# STATE OF MICHIGAN

# COURT OF APPEALS

TRAVIS JOHNSON,

        Plaintiff-Appellant,

v

FRANK TULLIO,

        Defendant,

and

MECHANICAL HEATING AND COOLING, INC.,

        Defendant-Appellee.

UNPUBLISHED
March 13, 2018

No. 335133
Wayne Circuit Court
LC No. 14-005833-NO

Before: JANSEN, P.J., and SERVITTO and SHAPIRO, JJ.

PER CURIAM.

In this negligence action, plaintiff appeals as of right an order granting summary disposition to defendant, Mechanical Heating and Cooling, Inc. ("MHC"), and an order denying plaintiff's motion for leave to file a second amended complaint. We affirm.

On December 23, 2013, plaintiff and Tullio were involved in a forklift accident at a warehouse. While picking up a number of heavy items at the warehouse that MHC had won at an auction, Tullio, who had been hired by MHC as an independent contractor, agreed to move a steel table for another buyer in exchange for a fee. The steel table was too heavy for the forklift to move, so Tullio asked plaintiff to help him balance the weight of the table by standing on the back end of the forklift. Plaintiff fell in the process, and the forklift crushed his leg, leading to severe injuries.

## I. SUMMARY DISPOSITION

Plaintiff argues that the trial court erred by granting summary disposition to MHC because a question of material fact existed regarding the relationship between MHC and Tullio. Plaintiff argues that Tullio was an agent or employee of MHC, and that MHC should be held vicariously liable for plaintiff's injuries. We disagree.

-1-

This Court reviews the grant or denial of a motion for summary disposition de novo. *Arias v Talon Dev Group, Inc*, 239 Mich App 265, 266; 608 NW2d 484 (2000). "A motion brought under MCR 2.116(C)(10) tests the factual support for the plaintiff's claim." *Id.* This Court considers the "pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). This Court's review "is limited to the evidence that had been presented to the circuit court at the time the motion was decided." *Innovative Adult Foster Care, Inc, v Ragin*, 285 Mich App 466, 476; 776 NW2d 398 (2009). Summary disposition is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* at 475. A genuine issue of material fact "exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v General Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

The doctrine of vicarious liability "allocates the risk of an employee's negligent acts occurring during the course of employment on the employer . . . ." *Rogers v JB Hunt Transport, Inc*, 466 Mich 645, 653; 649 NW2d 23 (2002). Generally, however, an employer is not liable for the tortious conduct of an independent contractor. *Laster v Henry Ford Health System*, 316 Mich App 726, 735; 892 NW2d 442 (2016). The test for whether an individual is an employee or an independent contractor is the "control test," which examines whether the individual has control over the method of work that he or she is engaged in. "If the employer of a person or business ostensibly labeled an 'independent contractor' retains control over the method of the work, there is in fact no contractee-contractor relationship, and the employer may be vicariously liable under the principles of master and servant." *Campbell v Kovich*, 273 Mich App 227, 234; 731 NW2d 112 (2006). "In other words: An independent contractor is one who, carrying on an independent business, contracts to do a piece of work according to his own methods, and without being subject to control of his employer as to the means by which the result is to be accomplished, but only as to the result of the work." *Id.* (quotation and citation omitted).

Tullio was hired on a one-time basis to use an MHC forklift to move MHC's purchased items. MHC did not exercise any control over Tullio's work. Based on the facts available to the trial court at the hearing regarding MHC's motion for summary disposition, it does not appear that MHC had any knowledge at all about Tullio's use of the forklift to move items for others. The trial court based its holding on the fact that MHC only hired Tullio to move its purchases, and that MHC did not authorize or have knowledge of Tullio's decision to charge other buyers for moving services using MHC's forklift. Tullio was not an employee because he did not act "under [an employer's] direction and control." *PM One, Ltd v Dept of Treasury*, 240 Mich App 255, 270; 611 NW2d 318 (2000). MHC did not retain sufficient control to be held vicariously liable. Although Tullio was using MHC's forklift, MHC did not direct him to use it to move items for other people, and appeared to be unaware that Tullio was doing so. Therefore, there is no genuine issue of material fact regarding whether Tullio was acting as an independent contractor, and not an employee, and MHC cannot be held vicariously liable for plaintiff's injuries.

Alternatively, plaintiff argues that Tullio was acting as an agent of MHC. Agency relationships are not limited solely to the context of employers and employees. Rather, to determine the existence of an agency relationship, a court must take into account " the relations of the parties as they in fact exist under their agreements or acts. " *St Clair Intermediate School*

*Dist v Intermediate Educ Ass'n/Michigan Educ Ass'n*, 458 Mich 540, 557; 581 NW2d 707 (1998) (citation omitted). "[I]n its broadest sense agency includes every relation in which one person acts for or represents another by his authority." *Id.* at 557. The agent's purpose "is to bring about, modify, affect, accept performance of, or terminate contractual obligations between [the] principal and third persons." *Id.* at 557-558.

Based on the facts available to the trial court Tullio was not acting as an agent of MHC when moving the steel table because, at that point, he was working solely for himself and not for the benefit of MHC, or on MHC's behalf. Tullio had posted flyers advertising his services and would charge buyers via credit card prior to agreeing to move their purchases. The trial court believed that Tullio was acting solely for his own benefit in doing so. However, we note that the statement of facts in plaintiff's brief on appeal includes information taken from Tullio's affidavit of meritorious defense, which was filed along with a motion to set aside the default judgment, well after summary disposition was granted. In the affidavit, Tullio stated that he and Joel Wensley ("Wensley"), the president of MHC, had agreed to charge for forklifting services and split the profits. Tullio and Wensley made flyers advertising their services, which included a copy of Wensley's MHC business card, and Tullio was paid $30 per hour to operate the forklift. Tullio's affidavit also stated that Wensley required bidders to call MHC's office and pay to have Tullio move their items with a credit card. Tullio alleged that all of the funds received were credited to MHC.

These facts would raise questions regarding whether the motion for summary disposition was properly granted in MHC's favor. If Tullio's account is accurate, then there may have been some sort of agency relationship between Tullio and MHC, particularly given the fact that Tullio and Wensley may have jointly decided to use MHC's forklift to earn extra money, and Tullio was required to ask customers to pay MHC with a credit card before he could move any of their items. However, plaintiff is barred from using these facts on appeal because they were not part of the record that the trial court reviewed prior to ruling on MHC's motion for summary disposition.

This Court may only consider "what was properly presented to the trial court before its decision on the motion." *Pena v Ingham County Road Com'n*, 255 Mich App 299, 310; 660 NW2d 351 (2003). "[A] litigant opposing a properly supported motion for summary disposition under [MCR 2.116(C)(10)] must present substantively admissible evidence *to the trial court before its decision on the* motion, which creates a genuine issue of material fact." *Sprague v Farmers Ins Exchange*, 251 Mich App 260, 265; 650 NW2d 374 (2002)(emphasis added). We will not consider "events that occurred after the summary disposition motion was decided." *Pena*, 255 Mich App at 313 n 4. Therefore, because the trial court was unable to consider the information that Tullio included in his affidavit of meritorious defense, we cannot consider it on appeal. Absent the information from the affidavit of meritorious defense, the trial court correctly granted MHC's motion for summary disposition.

## II. LEAVE TO AMEND

Plaintiff argues that the trial court abused its discretion by denying his motion for leave to file a second amended complaint to add a claim of negligent entrustment against MHC. We disagree.

This Court reviews a trial court's denial of a motion to amend a complaint for an abuse of discretion. *Diem v Sallie Mae Home Loans, Inc*, 307 Mich App 204, 215-216; 859 NW2d 238 (2014). An abuse of discretion occurs when the trial court chooses an outcome falling outside the principle range of outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006).

The trial court's main reasoning for denying plaintiff's motion for leave to amend appeared to be the fact that the motion was delayed or untimely, as well as the fact that it had granted MHC's motion for summary disposition prior to addressing the motion for leave to amend such that plaintiff's amendment would be futile. The trial court stated, "This case was filed back on May 2, 2014 . . . . This case is coming up on two years. But [MHC is] out and I'm going to deny your motion to amend your complaint." [1]

MCR 2.116(I)(5) provides that if summary disposition is granted under subrules (C)(8), (9) or (10), "the court shall give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that the amendment would not be justified." "An amendment is futile if it merely restates the allegations already made or adds allegations that still fail to state a claim." *Lane v KinderCare learning Centers, Inc*, 231 Mich App 689, 697; 588 NW2d 715 (1998). Granting plaintiff's motion for leave to file a second amended complaint would have been futile, in part, because it merely reiterated plaintiff's argument that MHC was vicariously liable for his injuries, which had already failed because the trial court had found that MHC was not Tullio's employer and we affirm that finding.

Plaintiff's amendment to add a negligent entrustment claim would also be futile. Negligent entrustment has two elements: "First, the entrustor is negligent in entrusting the instrumentality to the entrustee. Second, the entrustee must negligently or recklessly misuse the instrumentality." *Allstate Ins Co v Freeman*, 160 Mich App 349, 357; 408 NW2d 153 (1987). "To sustain a cause of action for negligent entrustment a plaintiff must prove that defendant knew or should have known of the unreasonable risk propensities of the entrustee." *Fredericks v Gen Motors Corp*, 411 Mich 712, 719; 311 NW2d 725 (1981).

Tullio was a heavy equipment operator, but plaintiff claimed that Tullio did not have the necessary state certification to operate a forklift and that defendant either knew this or should have known it. However, plaintiff failed to proffer any evidence that Tullio was not certified or that special forklift certification was legally required.

---

[1] Plaintiff's first amended complaint, filed in 2015, removed an improper defendant and added MHC as a proper defendant, but the cause of action and theories of liability did not otherwise change.

Given that the "evidence then before the court show[ed] that the amendment would not be justified," despite extensive discovery, we find no abuse of discretion in declining to allow the amendment.

Affirmed.

/s/ Kathleen Jansen
/s/ Deborah A. Servitto
/s/ Douglas B. Shapiro