# STATE OF MICHIGAN

# COURT OF APPEALS

COX III, LLC, and ANDRE LEON QUEEN,

        Plaintiffs-Appellees,

v

FARMERS INSURANCE COMPANY, INC.,

        Defendant-Appellant,

and

FARMERS INSURANCE EXCHANGE,

        Defendant.

UNPUBLISHED
April 12, 2018

No. 336777
Wayne Circuit Court
LC No. 15-010122-CK

Before: SAWYER, P.J., and HOEKSTRA and MURRAY, JJ.

PER CURIAM.

In this insurance coverage action, defendant[1] appeals as of right a stipulated order granting damages to plaintiffs, Cox III, LLC, and Andre Leon Queen. However, defendant's issue on appeal arises out of two prior orders granting summary disposition to plaintiffs. We reverse.

This action arises out of a car accident involving plaintiff, Andre Leon Queen ("Queen"), while he was delivering sandwiches for plaintiff, Cox III, LLC ("Cox III"), a Jimmy John's franchisee. Queen hit another driver with his car, and the driver filed a personal injury lawsuit against plaintiffs. Queen's vehicle was insured by defendant through a policy that was issued to Queen's father. Plaintiffs sought coverage and indemnification through the automobile insurance that Queen retained through defendant. Defendant was required to defend and indemnify Queen up to the insurance policy limit of $50,000. Defendant declined to cover

---

[1] Farmers Insurance Exchange was dismissed as a defendant in a stipulated order granting dismissal and does not participate in this appeal. All references to defendant herein are references to Farmers Insurance Company, Inc.

-1-

plaintiffs based on two exclusions in Queen's automobile insurance policy. The exclusions are as follows:

This coverage does not apply to:

1. Bodily injury or property damage arising out of the ownership, maintenance or use of a vehicle while used to carry persons or property for a charge. This exclusion does not apply to shared expense car pools.

* * *

6. Bodily injury or property damage arising out of the ownership, maintenance or use of any vehicle by any person employed or otherwise engaged in a business . . . . This exclusion does not apply to the maintenance or use of a:

    a. Private passenger car

    b. Utility car that you own if rated as a private passenger car, or

    c. Utility trailer used with a vehicle described in a. or b. above.

Additionally, an amendment to the applicable exclusions states that Exclusion #6 applies to any vehicle "[w]hile used in employment by any person whose primary duties are the delivery of products or services . . . ."

Plaintiffs alleged two causes of action in their initial complaint. Count I of plaintiffs' complaint alleged that defendant's denial of coverage constituted a breach of contract. Count II of plaintiffs' complaint sought declaratory relief, and requested that the trial court find that defendant was obligated to defend and indemnify plaintiffs. Defendant filed a motion for summary disposition, and plaintiffs filed a counter-motion for summary disposition. Following the correction of an error in the original order, Count II was disposed of in a revised order granting plaintiffs' motion for summary disposition, in which the trial court stated that defendant was obligated to defend and indemnify plaintiffs because neither of the contested exclusions applied to plaintiffs. After the disposition of Count II, plaintiffs and defendant both moved for summary disposition regarding Count I. The trial court found that defendant breached its insurance contract with plaintiffs, and Count I was disposed of in a separate order granting summary disposition to plaintiffs.

Defendant argues that the trial court erred in granting summary disposition in favor of plaintiffs because both Exclusion #1 and Exclusion #6 preclude coverage of plaintiffs for the lawsuit that arose out of Queen's car accident. We agree with regard to Exclusion #1.

This Court reviews the grant or denial of a motion for summary disposition de novo. *Arias v Talon Dev Group, Inc*, 239 Mich App 265, 266; 608 NW2d 484 (2000). "A motion brought under MCR 2.116(C)(10) tests the factual support for the plaintiff's claim." *Id.* This Court considers the "pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). "Summary disposition is appropriate if there is no genuine issue

-2-

regarding any material fact and the moving party is entitled to judgment as a matter of law." *Id*. A genuine issue of material fact "exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v General Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

Defendant first argues that Exclusion #1, which excludes coverage for vehicles that are used "to carry persons or property for a charge," is not an ambiguous provision, and that it precludes coverage of plaintiffs because the delivery of sandwiches amounts to carrying property for a charge. The language of an insurance policy is construed and interpreted in accordance with ordinary contract construction principles. *Citizens Ins Co v Pro-Seal Service Group, Inc*, 477 Mich 75, 82; 730 NW2d 682 (2007). The question whether the language of a contract is ambiguous is a question of law that this Court reviews de novo. *Casey v Auto Owners Ins Co*, 273 Mich App 388, 394; 729 NW2d 277 (2006). The trial court found that the language of Exclusion #1 was ambiguous because the exclusion did not appropriately define what "carrying a person or property for a charge" included, or indicate whether delivering sandwiches constituted carrying property for a charge.

However, this Court has found that a similar arrangement, where an individual was paid a wage to deliver pizzas using his personal car, amounted to carrying property for a charge. *Amerisure Ins Co v Graff Chevrolet, Inc*, 257 Mich App 585, 596; 669 NW2d 304 (2003), rev'd in part on other grounds 469 Mich 1003 (2004). In *Amerisure*, an employee of a company insured by the plaintiff got into a car accident while delivering pizzas. *Id*. at 587. The employee's fiancée had rented the car, and placed the employee on the rental contract as a permissive user of the car. *Id*. The employee was sued by the other driver. *Id*. The plaintiff and the defendant both contributed $90,000 to the settlement of the case against the employee, and the plaintiff then sued the defendant, seeking a declaratory judgment that the defendant was responsible for the payment of the entire settlement. *Id*. at 587-588. This Court found that the rental contract provided by the defendant "was also, in a way, an insurance contract," because it provided insurance coverage. *Id*. at 594.

The rental contract in *Amerisure* contained an exclusion that precluded insurance coverage where the car was used "to carry . . . property for consideration . . . ." *Id*. at 587. The plaintiff argued that, because the employee was "paid a wage for whatever work he did and did not receive a special wage or mileage reimbursement for carrying pizzas, he did not carry property for consideration." *Id*. at 595. The employee was paid an hourly wage and received tips for pizza deliveries. *Id*. at 596. This Court found that the employee's hourly wage constituted consideration within the meaning of the insurance policy, and "because [the employee] was hired for the purpose of delivering pizzas, his transportation of those pizzas was for consideration." *Id*.

In this case, Queen was an employee of Cox III's Jimmy John's franchise and delivered sandwiches in return for hourly compensation, as well as tips. With the exception of the type of food being delivered, the arrangement between plaintiffs is the same as the arrangement between the employee and employer in *Amerisure*. In *Amerisure*, this Court did not differentiate between a car rental contract and the type of automobile insurance contract that is typically issued to the owner of a vehicle. *Id*. at 597. This Court ultimately held that the exclusion in the rental contract, which closely mirrors the exclusion at issue in plaintiffs' case, precluded insurance

coverage for car accidents sustained while the insured's car is being used to carry property in exchange for an hourly wage. *Id.* Therefore, the language in Exclusion #1 is not ambiguous, and plaintiffs are precluded from coverage because the accident occurred while Queen used the vehicle to carry property for a charge.

We need not determine whether Exclusion #6 applies because the trial court's error in determining whether the language of Exclusion #1 was ambiguous ultimately results in a favorable outcome for defendant. " '[C]overage under a policy is lost if any exclusion within the policy applies to an insured's particular claims.' " *Michigan Battery Equipment, Inc v Emcasco Ins Co*, 317 Mich App 282, 285; 892 NW2d 456 (2016). Accordingly, plaintiffs should not have been granted summary disposition because Exclusion #1 precludes insurance coverage for the car accident that Queen was involved in.

Reversed. Defendant may tax costs.

/s/ David H. Sawyer
/s/ Joel P. Hoekstra
/s/ Christopher M. Murray