# STATE OF MICHIGAN

# COURT OF APPEALS

TREVOR PIKU,

        Plaintiff-Appellee,

v

LADY JANE'S HAIR CUTS FOR MEN
HOLDING COMPANY, LLC,

        Defendant-Appellant,

and

LADY JANE'S ST. CLAIR SHORES, LLC,

        Intervenor,

and

LADY JANE'S TROY, LLC, GENERAL
DEVELOPMENT COMPANY, LLC, and N&B
JOHNSON PROPERTIES, LLC,

        Defendants.

UNPUBLISHED
June 26, 2018

No. 337505
Macomb Circuit Court
LC No. 2016-001691-NO

Before: MURPHY, P.J., and JANSEN and RONAYNE KRAUSE, JJ.

PER CURIAM.

      Plaintiff filed a premises liability action against defendants Lady Jane's Troy, LLC (LJT), Lady Jane's Hair Cuts for Men Holding Company, LLC (holding company), General Development Company, LLC, and N&B Johnson Properties, LLC.[1] The holding company and LJT filed a motion for summary disposition, arguing that plaintiff failed to establish causation as a matter of law and that plaintiff sued the wrong entities, given that the alleged incident occurred at a barbershop operated by Lady Jane's St. Clair Shores, LLC (LJSC), not by LJT, and that the

---

[1] The latter two defendants were dismissed pursuant to a stipulated order.

-1-

holding company had no interest making it susceptible to a premises liability action. The trial court ruled that a genuine issue of material fact existed with respect to causation, that LJT was entitled to summary disposition because the incident did not occur at its barbershop, that plaintiff, despite a statute of limitations issue, could file an amended complaint against LJSC under the misnomer doctrine, and that factual issues remained regarding whether the holding company was a proper defendant. *Before* plaintiff filed the amended complaint adding LJSC as a party defendant, an application for leave to appeal was filed by the holding company and LJSC, even though LJSC was not yet a party to the action. Within a couple of weeks of the application for leave, plaintiff amended the complaint, naming LJSC as a defendant, along with the holding company. Several months later, this Court granted the application for leave.[2] Under these procedural circumstances, the holding company is properly before us, LJT is not a party to this appeal, and LJSC is technically not properly before us. We hold that the trial court erred in determining that there was a genuine issue of material fact on the issue of causation; plaintiff's lawsuit fails as a matter of law. This ruling encompasses the holding company, and we also apply the ruling to LJSC, treating LJSC as an intervenor to this appeal or under the theory that had the trial court properly found a lack of causation as a matter of law, plaintiff would never have been allowed to add LJSC as a party defendant in the first instance. In sum, we reverse and remand for entry of an order granting summary dismissal in favor of the holding company and LJSC.

This case arises out of plaintiff's fall from a ladder that occurred on January 13, 2013, at a barbershop operated by LJSC. Plaintiff had been hired to help paint the ceiling at the barbershop, and he did so on three separate occasions. On the third day that plaintiff went to the barbershop, he observed that the concrete floor had been covered in a clear "epoxy" coating, but he ultimately was uncertain regarding the nature of the substance. Plaintiff was standing on a straight ladder, which was leaned up against the wall, when it allegedly slipped out from underneath him, causing him to fall to the floor. Plaintiff sustained injuries to his left hand and knee as a result.

The holding company and LJSC argue that the trial court should have granted summary disposition because plaintiff failed to show, as a matter of law and beyond mere speculation, that the condition of the floor caused the fall and his injuries. We agree.

This Court reviews de novo the grant or denial of a motion for summary disposition. *Arias v Talon Dev Group, Inc*, 239 Mich App 265, 266; 608 NW2d 484 (2000). "A motion brought under MCR 2.116(C)(10) tests the factual support for the plaintiff's claim." *Id*. This Court considers the "pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). "Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Id*. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt

---

[2] *Piku v Lady Jane's*, unpublished order of the Court of Appeals, entered August 1, 2017 (Docket No. 337505).

to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

In order to establish negligence in a premises liability action, a plaintiff must show that " '(1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) [that] the plaintiff suffered damages.' " *Mouzon v Achievable Visions*, 308 Mich App 415, 418; 864 NW2d 606 (2014) (citations omitted). Plaintiff contends that the evidence presented to the trial court, albeit circumstantial, was sufficient to create a question of fact regarding causation. Plaintiff further argues that the evidence he presented to the trial court amounted to more than mere conjecture or speculation.

With regard to causation, this Court in *Genna v Jackson*, 286 Mich App 413, 417-418; 781 NW2d 124 (2009), observed as follows:

> Proving causation requires proof of both cause in fact and proximate cause. Cause in fact requires that the harmful result would not have come about but for the defendant's negligent conduct. Cause in fact may be established by circumstantial evidence, but such proof must facilitate reasonable inferences of causation, not mere speculation. A plaintiff must present substantial evidence from which a jury may conclude that more likely than not, but for the defendant's conduct, the plaintiff's injuries would not have occurred. A mere possibility of such causation is not sufficient; and when the matter remains one of pure speculation and conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict in favor of the defendant. Normally, the existence of cause in fact is a question for the jury to decide, but if there is no issue of material fact, the question may be decided by the court. [Citations and quotation marks omitted.]

Plaintiff has consistently *argued* that the floor underneath the ladder was slippery because it had recently been coated with an "epoxy" substance and that the slippery floor caused the accident. However, at his deposition, plaintiff testified as follows:

> *Q.* Okay. Was there any kind of epoxy on the floor near your ladder?
>
> *A.* I don't know. Not that I noticed. It looked like some kind of epoxy floor they put in there because it was concrete before that.
>
> \* \* \*
>
> *Q.* Let's just stick with how the floor looked on the day of your fall. Do you remember what color it was?
>
> *A.* I think it was just clear. I know it wasn't concrete. I could tell there was something added on there, you know. I don't know what it was made out of exactly.
>
> *Q.* Was it shiny?

*A.*      It might have had a little shine to it.  I'm not sure.

*Q.*      Does epoxy have a smell?

*A.*      I don't know if it was made out of epoxy or—I'm not sure.

*   *   *

*Q.*      Do you have any idea what caused the ladder to slip?

*A.*      No.

*   *   *

*A.*      [I'm] not sure what the floor was made out of.


In *Barlow v John Crane-Houdaille, Inc*, 191 Mich App 244, 250; 477 NW2d 133 (1991), this Court addressed damaging deposition testimony, explaining:

> Deposition testimony damaging to a party's case will not always result in summary judgment. However, when a party makes statements of fact in a clear, intelligent, unequivocal manner, they should be considered as conclusively binding against him in the absence of any explanation or modification, or of a showing of mistake or improvidence.  [Citations and quotation marks omitted.]

Plaintiff agreed that he did not know what caused the ladder to fall, and he also agreed that the ladder could have slipped for a reason different than the one alleged in his complaint, including the possibility that another worker may have bumped into the ladder and made it fall. Plaintiff further testified that he assumed that his brother was holding the ladder, as his brother had indicated that he would do so, but plaintiff "never bothered to look if he was actually there or not."  In a hospital record regarding plaintiff's treatment following the fall, it provided, "He states he was painting indoors when he lost his footing and fell."  Ultimately, plaintiff did not know why the ladder fell and was only guessing that the floor was slippery.  Although a slippery floor might have caused the ladder to fall, the evidence was insufficient to establish a genuine issue of material fact in regard to whether a slippery floor was more likely than not the cause of the accident.  It is not "sufficient to submit a causation theory that, while factually supported, is, at best, just as possible as another theory."  *Skinner v Square D Co*, 445 Mich 153, 164; 516 NW2d 475 (1994).  Although the evidence need not negate all other possible causes, the evidence must exclude other reasonable hypotheses with a fair amount of certainty.  *Craig v Oakwood Hosp*, 471 Mich 67, 87-88; 684 NW2d 296 (2004).  Viewing the evidence in a light most favorable to plaintiff, it simply indicates that a possibly slippery floor was a possible cause of the fall and just one of other possible causes, none of which was more prominent or probable than the others with respect to causation.

Plaintiff relies on the following testimony that he gave at his deposition, arguing that it reflected supporting circumstantial evidence for his suit:

I was up there for maybe, five, 10 minutes. And then my brother from behind me said just do a little more up there and whatever and then that should be sufficient enough. And then another maybe couple minutes went by and then all of a sudden that ladder slipped off the wall.

This testimony, however, only indicated that the ladder slipped off the wall; it did not speak to the cause of the ladder slipping and did not suggest that a slippery floor was the cause. And the testimony certainly did not contradict or undermine plaintiff's clear, unequivocal statement that he did not know what caused the ladder to slip, assuming in the first place that the ladder slipped, as opposed to plaintiff losing his footing and falling. In sum, on the existing record, plaintiff's theory of causation is purely speculative and conjecture. A jury would be forced to guess on the causation element. Accordingly, the trial court erred in denying the motion for summary disposition relative to the issue of causation. In light of our resolution of this issue, we need not address the other arguments posed to us on appeal.

Reversed and remanded for entry of an order granting summary dismissal in favor of the holding company and LJSC. We do not retain jurisdiction. Having fully prevailed on appeal, the holding company and LJSC are awarded taxable costs under MCR 7.219.

/s/ William B. Murphy
/s/ Kathleen Jansen
/s/ Amy Ronayne Krause