# STATE OF MICHIGAN

# COURT OF APPEALS

THEODIS WILLIS, JR.,

Plaintiff-Appellant,

v

JOHN DOE,

Defendant,

and

MATTHEW FODAL and PROGRESSIVE
MARATHON INSURANCE COMPANY,

Defendants-Appellees.

UNPUBLISHED
August 21, 2018

No. 338187
Oakland Circuit Court
LC No. 2016-153420-NI

Before: SWARTZLE, P.J., and CAVANAGH and M. J. KELLY, JJ.

PER CURIAM.

In this no-fault action, plaintiff, Theodis Willis, Jr., appeals as of right the trial court order granting summary disposition to defendant, Matthew Fodal. Willis also challenges the trial court order granting summary disposition to defendant, Progressive Marathon Insurance Company. For the reasons stated in this opinion, we reverse.

## I. BASIC FACTS

In November 2015, Willis was driving his vehicle through an intersection when an unidentified driver crashed a truck into the front driver's side of Willis's vehicle. Willis was injured in the crash. Willis's vehicle was covered by a no-fault automobile insurance policy issued by Progressive. The policy, however, was purchased by his live-in girlfriend, Heather Davis, and Willis was only listed as a driver on the policy. Progressive refused to pay Willis benefits under the policy.

In June 2016, Willis filed a first-party claim for no-fault benefits against Progressive, asserting that its failure to pay benefits under Davis's policy was unreasonable. He also brought a third-party negligence claim against Fodal, the owner of the truck that struck him, and the truck's unidentified driver. Progressive moved for summary disposition, asserting that Willis had failed to maintain no-fault insurance on his vehicle as required by MCL 500.3101(1), so his

-1-

claim was barred by MCL 500.3113(4). In addition, Fodal moved for summary disposition, similarly arguing that because Willis had failed to maintain no-fault insurance on his vehicle as required by MCL 500.3101(1), his third-party claim was barred by MCL 500.3135(2)(c). In response, Willis contended that under *Iqbal v Bristol West Ins Group*, 278 Mich App 31; 748 NW2d 574 (2008), he was entitled to no-fault benefits as long as someone had procured a valid no-fault policy covering the vehicle. Further, he argued that even if *Barnes v Farmers Ins Exchange*, 308 Mich App 1, 6; 862 NW2d 681 (2014) required the no-fault policy on the vehicle to be procured by an *owner* of the vehicle, under the facts of this case, his girlfriend was a constructive owner, so the policy she procured satisfied the requirement in MCL 500.3101(1). The trial court disagreed, concluding that (1) an owner of the vehicle must procure the security required by MCL 500.3101(1), and (2) that Willis's girlfriend was not a constructive owner of the vehicle. Accordingly, the court granted summary disposition in favor of Progressive and Fodal.[1]

## II. SUMMARY DISPOSITION

### A. STANDARD OF REVIEW

Willis argues that the trial court erred by granting summary disposition under MCR 2.116(C)(10) to Progressive and Fodal. This Court reviews de novo the grant or denial of a motion for summary disposition. *Arias v Talon Dev Group, Inc*, 239 Mich App 265, 266; 608 NW2d 484 (2000). "A motion brought under MCR 2.116(C)(10) tests the factual support for the plaintiff's claim." *Id*. This Court considers the "pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). "Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Id*. "A genuine issue of material fact "exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

### B. ANALYSIS

The Michigan No-Fault Act is intended to "broadly provide coverage for those injured in motor vehicle accidents without regard to fault." *Iqbal*, 278 Mich App at 37 (quotation marks and citation omitted). Under MCL 500.3101(1), "[t]he owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance, property protection insurance, and residual liability insurance. . . ." "There may be multiple owners of a vehicle for purposes of the no-fault act." *Iqbal*, 278 Mich App at 38 (quotation marks and citation omitted). Further, as explained by this Court in *Iqbal*, the security required by MCL 500.3101 does not have to be obtained by each and every

---

[1] We note that, in response to Fodal's motion for summary disposition, Willis argued that if his girlfriend was not a constructive owner of the vehicle, then the no-fault policy should be reformed to list him as a driver. The trial court disagreed, and Willis does not challenge that decision on appeal so we will not address it further.

owner of the vehicle because the statutory requirements are satisfied so long as one of the vehicle's owners maintains the required insurance. *Id*. at 39-40. Moreover, in *Barnes*, 308 Mich App at 8-9, this Court clarified that the mere fact that *someone* procured a no-fault policy on the vehicle does not satisfy the requirement in MCL 500.3101(1) unless the person who procured that policy was an owner or registrant of the vehicle.

The No-Fault Act sets forth consequences for the failure to procure the security required by MCL 500.3101. First, with regard to first-party claims, MCL 500.3113(b) provides:

> A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:
>
> * * *
>
> (b) The person was the owner or registrant of a motor vehicle or motorcycle involved in the accident with respect to which the security required by section 3101 or 3103 was not in effect.

Second, with regard to third-party claims, MCL 500.3135(2)(c) provides damages for a tort claim "shall not be assessed in favor of a party who was operating his or her own vehicle at the time the injury occurred and did not have in effect for that motor vehicle the security required by section 3101 at the time the injury occurred."

Willis argues that neither MCL 500.3113(b) nor MCL 500.3135(2)(c) bar his claims because his girlfriend is a constructive owner of the vehicle and she procured a no-fault policy from Progressive that satisfies the requirements in MCL 500.3101(1). In relevant part, the term "owner" is defined in MCL 500.3101(2)(*l*)(*i*), as "[a] person renting a motor vehicle or having the use of a motor vehicle, under a lease or otherwise, for a period that is greater than 30 days." This Court discussed constructive ownership in *Iqbal*, stating:a

> In *Ardt v Titan Ins Co*, 233 Mich App 685, 690-691; 593 NW2d 215 (1999), this Court construed MCL 500.3101(2)(g)(*i*), stating:
>
> > [W]e hold that "having the use" of a motor vehicle for purposes of defining "owner," MCL 500.3101(2)(g)(*i*), means using the vehicle in ways that comport with concepts of ownership. The provision does not equate ownership with any and all uses for thirty days, but rather equates ownership with "having the use" of a vehicle for that period. Further, we observe that the phrase "having the use thereof" appears in tandem with references to renting or leasing. These indications imply that ownership follows from *proprietary or possessory* usage, as opposed to merely incidental usage under the direction or with the permission of another. [Emphasis in original; see also *Chop v Zielinski*, 244 Mich App 677, 680; 624 NW2d 539 (2001).]

In *Twichel v MIC Gen Ins Corp*, 469 Mich 524, 530-531; 676 NW2d 616 (2004), our Supreme Court added the following clarification to this Court's holdings in *Ardt* and *Chop*:

> Nothing in the plain language of MCL 500.3101(2)(g)(*i*) requires (1) that a person has at any time actually used the vehicle, or (2) that the person has commenced using the vehicle at least thirty days before the accident occurred. The statute merely contemplates a situation in which the person is *renting or using* a vehicle for a period that is greater than thirty days. [Emphasis in original.]

[*Iqbal*, 278 Mich App at 38.]

Generally, "[t]he question of ownership [of a vehicle] is one of fact that is to be decided by the factfinder." *Bostford Gen Hosp v Citizens Ins Co*, 195 Mich App 127, 133; 489 NW2d 137 (1992).

Progressive and Fodal directs this Court to Willis's testimony to support their view that Willis was the sole owner of the vehicle. In particular, Willis testified that he was the vehicle's primary driver and that his girlfriend was the primary driver of a different vehicle. Further, Willis purchased the vehicle, and, although his girlfriend was a co-signor on the vehicle loan, Willis made the car payments. He also testified that he had two sets of keys, one of which he left in the home he shared with his girlfriend. Finally, Willis only testified that his girlfriend "drove the vehicle before," without elaborating on the extent of her use of the vehicle.

However, Willis contends that his girlfriend was a constructive owner of the vehicle because, as stated in his girlfriend's affidavit, (1) she had access to it whenever she wanted to drive it, (2) she had a set of keys to the vehicle in her home and had access to them "at all times," (3) she did not need to ask Willis for permission to use the vehicle, (4) she paid for services on the vehicle, such as an oil change, (5) she paid for fuel for the vehicle, (6) she had driven the vehicle on numerous occasions, and (7) the vehicle was generally garaged at her residence. Because the vehicle was purchased in 2014 and the accident occurred in 2016, this allows for an inference that she could and did drive the vehicle without needing permission for a period greater than thirty days. See *Twichel*, 469 Mich at 530-531. Moreover, given that she had free access to a set of keys and performed maintenance on the vehicle, a fact-finder could reasonably infer that her use was proprietary or possessory rather than just incidental. See *Ardt*, 233 Mich App at 690-691. Because, viewed in the light most favorable to the nonmoving party, these facts allow for a reasonable inference that Willis's girlfriend was a constructive owner, we conclude that the trial court erred by granting summary disposition in favor of Progressive and Fodal.

Reversed and remanded for further proceedings. We do not retain jurisdiction. As the prevailing party, Willis may tax costs. MCR 7.219(A).

/s/ Brock A. Swartzle
/s/ Mark J. Cavanagh
/s/ Michael J. Kelly