*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

THOMAS BELMONT,

        Plaintiff-Appellant,

UNPUBLISHED
January 7, 2020

v

ST. JOHN MACOMB-OAKLAND HOSPITAL,

        Defendant-Appellee.

No. 344578
Macomb Circuit Court
LC No. 2016-003827-NO

Before: FORT HOOD, P.J., and SAWYER and SHAPIRO, JJ.

PER CURIAM.

In this premises liability action, plaintiff appeals as of right an order granting summary disposition in favor of defendant. We reverse and remand.

## I. FACTUAL BACKGROUND

This action arises out of injuries sustained by plaintiff when he slipped and fell on the floor of defendant's hospital while visiting his wife, who was a patient. Before plaintiff arrived at his wife's hospital room, his wife had bled onto the floor around the hospital bed. Plaintiff testified that, as he walked into his wife's hospital room, a housekeeper was leaving the room with a mop in her hand. Plaintiff further testified that he noticed wetness around the bed, but he did not approach the wet area. As plaintiff was walking into the room, his stepson, Michael Sanders, who was already in the room, told plaintiff to be careful because the housekeeper had just mopped the floor around the bed. After approximately 5 to 10 minutes, plaintiff and Sanders started to walk out of the hospital room together. Plaintiff testified that Sanders walked out of the room 4 feet ahead of him and used the same doorway. As plaintiff was leaving, he slipped and fell near the threshold of the door, approximately 14 to 16 feet away from the bed.

While plaintiff was on the ground, he noticed that the floor and the whole side of his arm were wet. Plaintiff testified that there was not a puddle and he could not describe how big the wetness on the floor was, but he noticed that the floor shined as though it were wet. Plaintiff was certain that the threshold area of the door was dry when he first walked in. Eventually, plaintiff concluded that the wetness that caused him to fall was from the housekeeper's mop, either by direct contact with the floor or from droplets of water that dripped onto the floor as the

housekeeper was exiting the room. Plaintiff testified, however, that he did not actually see what caused the wetness on the floor. Although there was a warning sign leaning against the wall in the hallway outside the room, approximately 7 feet to the right of the door, plaintiff only observed it after his fall and there was no indication as to when the sign was placed there. As a result of the fall, plaintiff sustained a torn rotator cuff in his right shoulder.

Plaintiff filed a complaint against defendant alleging negligence on the basis of premises liability. Shortly thereafter, defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(10), contending that the water that caused plaintiff to slip and fall was an open and obvious condition of which plaintiff should have been aware. The trial court agreed, finding that the wetness that caused plaintiff to fall was open and obvious, and that, upon casual inspection of the area, an ordinary person would have foreseen the possibility of danger. Specifically, the trial court found that the dangerous condition was open and obvious because plaintiff watched the housekeeper leave the room with a mop, was warned by Sanders to be careful because the area around the bed had just been mopped, and noticed that the area was wet after he fell. The court also noted the wet floor sign outside the room. Defendant now appeals the trial court's determination, and we reverse.

## II. ANALYSIS

A trial court's decision to grant a motion for summary disposition is reviewed de novo. *Petersen Fin LLC v Kentwood*, 326 Mich App 433, 441; 928 NW2d 245 (2018). A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Corley v Detroit Bd of Ed*, 470 Mich 274, 278; 681 NW2d 342 (2004) (quotation marks and citation omitted). In reviewing a motion under MCR 2.116(C)(10), "a court considers the entire record in the light most favorable to the party opposing the motion, including affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties." *Id*. Summary disposition is appropriate only when "there is no genuine issue of material fact and the nonmoving party is entitled to judgment as a matter of law." *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). There is a genuine issue of material fact "when the record leaves open an issue on which reasonable minds might differ." *Yoches v Dearborn*, 320 Mich App 461, 479; 904 NW2d 887 (2017) (quotation marks and citation omitted).

"In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Sanders v Perfecting Church*, 303 Mich App 1, 4; 840 NW2d 401 (2013) (quotation marks and citations omitted). In this case, it is not disputed that plaintiff was a business invitee. "[A] landowner owes a duty to use reasonable care to protect invitees from unreasonable risks of harm posed by dangerous conditions on the owner's land." *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012). As explained by this Court in *Arias v Talon Dev Group, Inc*, 239 Mich App 265, 266-267; 608 NW2d 484 (2000), a landowner is subject to liability for injuries caused to an invitee by a condition on the land when the landowner:

(a) knows, or by the exercise of reasonable care would discover, the condition, and should realize that it involves an unreasonable risk of harm to such invitees,
(b) should expect that they will not discover or realize the danger, or will fail to

protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger. [Quotation marks and citation omitted.]

A possessor of land, however, does not owe a duty to protect invitee's from dangerous conditions that are open and obvious because invitees are expected to take reasonable measures to avoid potential hazards. *Hoffner*, 492 Mich at 460-461. A dangerous condition is open and obvious when "an average user with ordinary intelligence [would] have been able to discover the danger and the risk presented upon casual inspection." *Novotney v Burger King Corp (On Remand)*, 198 Mich App 470, 475; 499 NW2d 379 (1993). Thus, determining whether a danger is open and obvious depends on the objective nature of the dangerous condition itself, instead of an invitee's subjective awareness of the potential hazard at the time that the injury occurred. See *id*. at 474-475.

In this case, at the very least, there were genuine issues of material fact with respect to whether the moisture on the ground that caused plaintiff to slip was open and obvious. We are not convinced that, simply because plaintiff saw a housekeeper exit the hospital room with a mop as he entered, any wetness in the room was open and obvious approximately 5 to 10 minutes later when he left. Plaintiff testified that he was certain the floor at the entrance to the hospital room was dry when he entered, and that he did not see any wetness on the floor as he was leaving. Plaintiff and his son only noticed wetness upon examination of the floor *after* plaintiff fell, and we certainly decline to hold that the wetness of the floor was open and obvious simply because plaintiff got wet. Moreover, although Sanders warned plaintiff that the housekeeper had mopped around the hospital bed, plaintiff ultimately fell 14 to 16 feet away from that bed.[1] Finally, that a caution sign was present *outside* the room in which plaintiff fell may go toward the question of whether defendant exercised reasonable care to avoid liability, but we decline to conclude that the sign alone rendered the moisture that caused plaintiff to fall open and obvious, particularly given plaintiff's testimony that the sign was not even fully set up, but instead was leaning against a wall.

We note defendant's reliance on *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 514-515, 521; 629 NW2d 384 (2001), wherein the Michigan Supreme Court found a "common pothole in a parking lot" to be open and obvious after the plaintiff testified that she did not see the pothole because she was distracted, and her testimony that "nothing would have prevented her from seeing the pothole" belied her assertion on appeal that the pothole was obscured. The facts are quite different in this case, where plaintiff's testimony suggests that the wetness of the floor might not have been visible until after his fall warranted a closer inspection. Moreover, unlike *Lugo*, there was no testimony in this case that plaintiff was distracted or otherwise not paying a reasonable amount of attention to his surroundings. *Id*. at 514-515.

Many of the unpublished cases relied upon by defendant are distinguishable for the same reason, as most of them involve direct testimony that a condition could be or actually was readily observable. In this case, that plaintiff observed a small amount of wetness after falling does not

---

[1] Notably, plaintiff *did* initially see the wetness around the hospital bed, and noted at his deposition that the wetness extended only 1½ feet around the bed.

itself preclude the possibility that the wetness would not have been apparent to an average person upon casual inspection. Defendant essentially suggests that all plaintiffs that experience or view wetness after slipping on a wet floor are summarily precluded from bringing negligence actions because, solely by virtue of viewing the wetness after the fact, the condition is rendered open and obvious. We decline to adopt that standard, as it is inconsistent with settled law: the danger must be visible to the average person of ordinary intelligence upon *casual* inspection. *Novotney*, 198 Mich App at 475.[2]

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Karen M. Fort Hood
/s/ Douglas B. Shapiro

---

[2] The dissent argues that plaintiff should have deduced that the any part of the floor in the hospital room could be wet since the area around the bed had been mopped. However, the dissent does not point to any evidence that the water was actually visible to someone walking which is the sine qua non of a hazard being open and obvious. Even assuming that plaintiff could be held to a standard of deducing that walking 15 feet away from the mopped area presented a hazard, the fact remains that if the water was not visible to someone walking, he would not know to avoid that particular spot. No one testified that the water was visible on casual inspection. And the water was in the only exit from the room; plaintiff had no choice but to exit there.