# STATE OF MICHIGAN

# COURT OF APPEALS

ALWYN MOUZON,

        Plaintiff-Appellant,

v

BLACKWELL CENTER, CITY OF HIGHLAND
PARK, PPO SECURITY COMPANY, JOHN
DOE I, JOHN DOE II, JOHN DOE III, JOHN
DOE IV, KEVIN DOE, RICHARD DOE,
CARLOS DOE, RAY O'SHAY, TYRONE
JOHNSON, and LONNIE ALEXANDER,

        Defendants,

and

ACHIEVABLE VISIONS,

        Defendant-Appellee.

FOR PUBLICATION
December 9, 2014
9:10 a.m.

No. 312219
Wayne Circuit Court
LC No. 10-014170-NO

Before: MARKEY, P.J., and SAWYER and WILDER, JJ.

PER CURIAM.

Plaintiff appeals from the trial court's order granting summary disposition to defendant Achievable Visions. We affirm.

This case stems from a bar fight and subsequent shooting of Alwyn Mouzon by Antoine Kope at the Blackwell Center in the city of Highland Park. Defendant began renting the Blackwell Center from the city of Highland Park in fall 2009, with the intentions of creating an after-hours dance club on weekends. As part of the agreement to lease the building, defendant agreed to provide security at all events and contracted with PPO Security Company to provide bouncers at all events held at the club.

During the early morning hours of May 1, 2010, sometime between midnight and 1:00 a.m., plaintiff, along with his friend, Phillip Clark, while on their way to Detroit to visit one of the casinos, drove by the Blackwell Center, observed women entering, and decided to check out the party before going to the casino. After entering through the security check point, plaintiff

began to mingle with the crowd, drinking, and dancing. From time to time, plaintiff would look to the front door to see more people entering the building. At some point around 1:30 a.m., plaintiff saw Antoine Kope enter the building and noticed that he had a pistol in his belt. Not wanting to be where there was a weapon present, plaintiff informed Clark that he would like to leave. Neither Clark nor plaintiff alerted the security team that Kope was carrying a weapon. Clark agreed to leave and went ahead of plaintiff to get their vehicle. As plaintiff was walking toward the door, he noticed Kope being loud and boisterous. It was at this time that Kope bumped into plaintiff, and an altercation ensued. After a verbal exchange, as well as pushing and shoving, plaintiff tried to run outside; before he could make it out the door, Kope shot him.

All parties testified that security was trying to make it to the fight. However, testimony is split on how long the altercation lasted; plaintiff testified it was just a few moments, while several other parties stated it lasted almost 7 to 8 minutes. Defendant became aware of the situation in the dance hall when the DJ noticed the fight and stated over the speaker system, "We don't allow that here." Police, who were in the vicinity of the building at the time, arrived immediately on the scene after hearing gun shots. Kope did not obey orders to stop firing and was shot and killed by the officers.

Plaintiff filed the initial lawsuit, alleging that defendant was liable for injuries he sustained as a result of the shooting at the hands of Kope. Plaintiff alleged that defendant owed him a duty of protection that was breached as a result of Kope's being able to enter the building with a weapon and discharge that weapon. Defendant moved for summary disposition, arguing that it was not vicariously liable for the alleged negligent actions of the security guards, who were independent contractors. In opposing the motion, plaintiff first argued that there were factual questions as to whether the security guards were independent contractors or employees of defendant. Plaintiff next argued that defendant had a nondelegable duty to provide safe premises regardless of the security guards' status as independent contractors. Finally, plaintiff argued that a jury could find that defendant's actions in responding to the assault were unreasonable and that the defendant therefore breached the duty of care it owed its business invitee.

On appeal, plaintiff first argues the trial court erred in granting summary disposition based upon its determination that any duty defendant had to plaintiff was satisfied as a matter of law when security personnel promptly responded to the altercation and the police arrived at the scene at exactly the same time as the altercation. We disagree.

We review a trial court's decision regarding a motion to dismiss de novo. *Cork v Applebee's of Mich, Inc*, 239 Mich App 311; 608 NW2d 62 (2000). The requirements of a premises liability action are:

> In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages. [*Benton v Dart Props, Inc*, 270 Mich App 437, 440; 715 NW2d 335 (2006), citing *Taylor v Laban*, 241 Mich App 449, 452; 616 NW2d 229 (2000).]

Questions regarding whether a duty exists are for the court to decide as a matter of law. *Scott v Harper Recreation*, 444 Mich 441, 448; 506 NW2d 857 (1993).

To the extent plaintiff's argument is based on an argument that defendant had an obligation to provide security guards at the event and to ensure that those security guards did not act negligently, the Supreme Court has made it clear that "a merchant's duty of reasonable care does not include providing armed, visible security guards to deter criminal acts of third parties." *Williams v Cunningham Drug Stores, Inc,* 429 Mich 495, 501; 418 NW2d 381 (1988). Moreover, in *Scott v Harper Recreation*, 444 Mich 441; 506 NW2d 857 (1993), the Court also held that even when a merchant voluntarily provides security, the merchant does not become liable for the negligent actions of the security guards:

> The central holding of *Williams*[, 429 Mich 495] is that merchants are ordinarily not responsible for the criminal acts of third persons. The present suit is an attempt to circumvent that holding by invoking the principle that a person can be held liable for improperly discharging a voluntarily undertaken function. However, the rule of *Williams* remains in force, even where a merchant voluntarily takes safety precautions. Suit may not be maintained on the theory that the safety measures are less effective than they could or should have been. [*Scott v Harper Recreation*, 444 Mich 441, 452; 506 NW2d 857 (1993).]

Plaintiff next argues that defendant breached its duty to call the police. For this we look to *MacDonald v PKT, Inc,* 464 Mich 322; 628 NW2d 33 (2004). Plaintiff is correct that *MacDonald* requires "a merchant [to] make reasonable efforts to contact the police" in situations in which "criminal acts [are] occurring on the premises." *MacDonald*, 464 Mich at 336. "[A] merchant is not obligated to do anything more than reasonably expedite the involvement of the police." *Id.* at 338. But *MacDonald* also held that the duty to contact the police is met in situations where police are already present at the scene. *Id*. at 339.

Plaintiff raised several issues on appeal that were not addressed or decided by the trial court. "For an issue to be preserved for appellate review, it must be raised, addressed, and decided by the lower court." *People v Metamora Water Service*, 276 Mich App 376; 741 NW2d 61 (2007). Therefore, we will not address these issues.

Affirmed. Defendant may tax costs.

/s/ Jane E. Markey
/s/ David H. Sawyer
/s/ Kurtis T. Wilder