*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ESTATE OF GREGORY SLIGER, by SCOTT
SLIGER, Personal Representative,

        Plaintiff-Appellant,

v

STEVE BONNO,

        Defendant,

and

EDGES LIMITED DIVIDEND HOUSING
ASSOCIATION, LP, doing business as EDGE OF
THE WOODS, and FREEDOMVIEW
MANAGEMENT, LLC,

        Defendants-Appellees.

UNPUBLISHED
June 16, 2022

No. 357405
Chippewa Circuit Court
LC No. 17-014913-NO

Before: BORRELLO, P.J., and JANSEN and MURRAY, JJ.

PER CURIAM.

In this appeal by right, plaintiff Scott Sliger, as personal representative of the estate of the decedent Gregory Sliger, challenges the trial court's ruling granting summary disposition in favor of defendants Edges Limited Dividend Housing Association, LP, doing business as Edge of the Woods (EOW), and Freedomview Management, LLC (Freedomview) on plaintiff's premises liability claim. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

-1-

This case arises out of the fatal stabbing of the decedent at Edge of the Woods apartment complex. On July 31, 2015, Steve Bonno stabbed the decedent over 40 times, and Bonno was subsequently convicted of first-degree premeditated murder as a result.[1]

Both Bonno and the decedent were tenants of Edge of the Woods. There was evidence that the two were involved in a physical altercation on July 30, 2015, during which Bonno's cat ran away and Bonno told the decedent that he would "fucking kill" him if the cat was not found. The police were called and arrived at the apartment complex. The responding officer spoke to the decedent, who indicated that he did not want to pursue charges against Bonno. Bonno was never located that night, and the police officers left. The following night, Bonno stabbed the decedent in the second-floor lobby of the apartment building. Multiple witnesses called 911 as the attack was taking place. When the police arrived, the decedent was not breathing and Bonno had fled.

Plaintiff initiated this civil action, asserting a premises liability claim and breach-of-contract claim[2] against defendants EOW and Freedomview[3] as the owners and operators of the apartment complex. Defendants sought summary disposition pursuant to MCR 2.116(C)(10). The trial court granted defendants' motion regarding plaintiff's premises liability claim and denied the motion regarding plaintiff's breach-of-contract claim. The trial court later entered a stipulated order dismissing the breach-of-contract claim. This appeal followed.

## II. JURISDICTION

As an initial matter, we must address defendants' argument that this Court does not have jurisdiction over this appeal. Defendants contend that this Court is without jurisdiction because the final order from which plaintiff appeals is the stipulated order dismissing the breach-of-contract claim against defendants and dismissing Bonno as a party from this case, and this order did not specifically preserve plaintiff's right to appeal the trial court's earlier ruling granting summary disposition in defendants' favor on plaintiff's premises-liability claim.

"Whether this Court has jurisdiction to hear an appeal is always within the scope of this Court's review." *Chen v Wayne State Univ*, 284 Mich App 172, 191; 771 NW2d 820 (2009). We review this question de novo as an issue of law. *Id*.

---

[1] *People v Bonno*, unpublished per curiam opinion of the Court of Appeals, issued February 1, 2018 (Docket No. 335830), pp 1-2.

[2] Plaintiff's complaint contained an additional claim of battery against Bonno, which was dismissed by the trial court in a stipulated order prior to this appeal. Bonno is not a party to this appeal, and the battery claim against him is not at issue in this appeal.

[3] Because Bonno is not a party to this appeal, we will refer to EOW and Freedomview collectively as "defendants."

Here, the sole focus of plaintiff's appeal is a challenge to the trial court's order granting summary disposition in favor of defendants on plaintiff's premises liability claim.[4] This ruling was made in the trial court's December 30, 2019 order granting in part and denying in part defendants' motion for summary disposition. In this order, the trial court granted defendants' summary disposition motion as to plaintiff's premises-liability claim in Count I of the complaint and dismissed this count with prejudice. However, in the same order, the trial court also denied defendants' summary disposition motion with respect to Count II (breach of contract) and indicated that the order had no effect on Count III (battery). Those claims remained unresolved at that point. Accordingly, this order was not a final order appealable by right. MCR 7.203(A); MCR 7.202(6)(a); MCR 2.604.

On May 14, 2021, the trial court entered a stipulated order dismissing Bono from the case with prejudice and dismissing the breach-of-contract claim against defendants with prejudice, which had been the "sole remaining cause of action." The order indicated that it was a final order disposing of all the claims. See MCR 7.202(6)(a)(i).

Defendants argue that plaintiff cannot appeal from this May 14, 2021 order because it did not specifically reserve plaintiff's right to appeal. Defendants are correct that this Court has stated that there is an appeal of right "available from a consent judgment in which a party has reserved the right to appeal a trial court ruling" but that "unless an issue encompassed within the consent judgment has been specifically preserved for appeal, the general rule is that a party cannot stipulate a matter and then argue on appeal that the resulting action was error." *Begin v Mich Bell Tel Co*, 284 Mich App 581, 585; 773 NW2d 271 (2009), overruled in part on other grounds by *Admire v Auto-Owners Ins Co*, 494 Mich 10, 34; 831 NW2d 849 (2013) (quotation marks and citation omitted).

Here, however, plaintiff's appeal does not include a challenge to any of the stipulated matters contained within the May 14, 2021 order but instead focuses only a prior ruling in an order that was not a final order or judgment. As the "first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties," this was a final order, MCR 7.202(6)(a)(i), appealable by right, MCR 7.203(A)(1).[5] Nonetheless, because plaintiff's appellate arguments are not directed at any issue encompassed within the consent judgment, the rule in *Begin* does not bar this Court's jurisdiction. *Begin*, 284 Mich App at 585. "[A] party claiming an appeal

---

[4] We recognize that plaintiff also claims on appeal that the trial court erred by not addressing plaintiff's alleged theory of ordinary negligence. However, as explained below, premises liability is a species of negligence and, although we are not bound by a party's choice of labels in the complaint, plaintiff labeled Count I as "premises liability" and did not include a separate count labeled "ordinary negligence." We therefore understand plaintiff's argument to be that the trial court should have also viewed this count as an attempt to assert an ordinary negligence claim, and we thus consider this argument to appropriately be subsumed within plaintiff's challenge to the trial court's ruling dismissing the premises liability count. We will address both theories in our analysis below.

[5] We note that defendants do not argue that the December 30, 2019 order, or any other order entered before May 14, 2021 somehow satisfied the definition in MCR 7.202(6)(a)(i).

of right from a final order is free to raise issues on appeal related to prior orders." *Green v Ziegelman*, 282 Mich App 292, 301 n 6; 767 NW2d 660 (2009) (quotation marks and citation omitted; alteration in original). The summary disposition ruling challenged by plaintiff and contained within the prior December 2019 order resulted in the dismissal with prejudice of plaintiff's premises-liability claim against defendants, and plaintiff has thereby demonstrated a concrete injury arising from the actions of the trial court such that plaintiff is an "aggrieved party" for purposes of MCR 7.203(A). *Tevis v Amex Assurance Co*, 283 Mich App 76, 79-80; 770 NW2d 16 (2009). For these reasons, this Court has jurisdiction over this appeal.

## III. SUMMARY DISPOSITION

We now turn to the merits of plaintiff's challenge to the trial court's summary disposition ruling dismissing plaintiff's premises-liability claim.

### A. STANDARD OF REVIEW

"This Court reviews de novo a trial court's decision whether to grant summary disposition." *Chen*, 284 Mich App at 200. Under MCR 2.116(C)(10), "summary disposition is proper if [e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." To make this determination, "a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted).

In a negligence action, the question whether a defendant owes a duty to a particular plaintiff is reviewed de novo as an issue of law. *Bailey v Schaaf*, 494 Mich 595, 603; 835 NW2d 413 (2013). "Only after finding that a duty exists may the factfinder determine whether, in light of the particular facts of the case, there was a breach of the duty." *Id*. (quotation marks and citation omitted).

### B. ANALYSIS

We first address plaintiff's argument that the trial court erred in granting summary disposition on Count I of plaintiff's complaint, labeled "premises liability," because there was a question of fact regarding whether defendants violated their duty as landlord to protect tenants, including plaintiff's decedent, from foreseeable criminal acts of third parties in common areas.

There is a distinction between premises liability claims and ordinary negligence claims, with the former being applicable to situations where the injury was allegedly caused by a dangerous condition on land. *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 692; 822 NW2d 254 (2012). In a premises liability claim, "liability arises solely from the defendant's duty as an owner, possessor, or occupier of land." *Id*. Nonetheless, as with any negligence claim, a premises liability action still requires the plaintiff to prove the elements of duty, breach, causation, and damages. *Mouzon v Achievable Visions*, 308 Mich App 415, 418; 864 NW2d 606 (2014).

-4-

Because there is a "special relationship" between a landlord and its tenants, a landlord owes a duty of care to its tenants and their invitees to keep common areas under the landlord's control reasonably safe from physical hazards. *Bailey*, 494 Mich at 604-606. Thus, "a landlord may be held liable for an unreasonable risk of harm caused by a dangerous condition in the areas of common use retained in his control such as lobbies, hallways, stairways and elevators." *Williams v Cunningham Drug Stores, Inc*, 429 Mich 495, 499; 418 NW2d 381 (1988) (citation omitted). This duty, however, is "not absolute." *Id*. at 500. Furthermore, although the general rule is that "the court decides the questions of duty and the general standard of care" while "the jury determines what constitutes reasonable care under the circumstances," *Williams*, 429 Mich at 500, our Supreme Court has held that the court "determines what constitutes reasonable care" under the circumstances in situations involving "overriding public policy concerns" such as are involved in considering the nature of a merchant or landlord's duty to protect tenants and invitees from the criminal acts of third parties, *id*. at 500-501; *Bailey*, 494 Mich at 603 (quotation marks and citations omitted).

As specifically applicable to the factual circumstances of the instant case, our Supreme Court has held that "a landlord's duty regarding criminal acts of third parties is limited to . . . a duty to respond by reasonably expediting police involvement where it is given notice of a specific situation occur[ring] on the premises that would cause a reasonable person to recognize a risk of imminent harm to an identifiable invitee." *Bailey*, 494 Mich at 614 (quotation marks and citation omitted; alteration in original). The landlord's duty does not include *anticipating* or otherwise *preventing* the criminal acts of third parties. *Id*. at 613-614.

> Like a merchant, a landlord can presume that tenants and their invitees will obey the criminal law. Because of the unpredictability and irrationality of criminal activity, [t]his assumption should continue until a specific situation occurs on the premises that would cause a reasonable person to recognize a risk of imminent harm to an identifiable [tenant or] invitee. Only when given notice of such a situation is a duty imposed on a landlord. *Notice* is critical to determination whether a landlord's duty is triggered; without notice that alerts the landlord to a risk of imminent harm, it may continue to presume that individuals on the premises will not violate the criminal law. [*Id*. at 615 (quotation marks and citations omitted; alterations in original).]

Here, plaintiff argues that because of the incident between Bonno and the decedent on the night before Bonno stabbed the decedent, and a history known to EOW residents of "tension and conflict" between Bonno and the decedent "dating back at least to 2014," defendants should have involved the police *before* Bonno physically attacked and stabbed the decedent on July 31, 2015. However, imposing such a duty would be akin to requiring defendants to anticipate Bonno's criminal acts before he actually committed them and to preemptively prevent Bonno's criminal conduct. Defendants had no such duty. *Bailey*, 494 Mich at 613-615.

Plaintiff does not cite any record evidence that defendants had "notice of a *specific situation* occur[ring] on the premises that would cause a reasonable person to recognize a risk of *imminent* harm" to plaintiff's decedent and failed to respond by reasonably expediting police involvement. *Bailey*, 494 Mich at 614 (quotation marks and citation omitted; alteration in original; emphasis added). The police had responded to the premises for the previous night's altercation

that included Bonno's alleged threat to the decedent, and this incident had concluded that night with the decedent informing the police that he did not wish to pursue charges and the police apparently determining that it was safe to leave the premises.

There was no evidence of an ongoing situation of physical violence between Bonno and the decedent that was occurring on the premises between the altercation from the previous night and Bonno's attack during which he stabbed the decedent. In light of these circumstances, the prior night's incident would not cause a reasonable person to recognize an *imminent* risk of harm to plaintiff's decedent. *Id*. Even assuming defendants were aware of the general animosity and conflicts between Bonno and the decedent, that does not constitute notice of a specific situation of *imminent harm* requiring defendants to respond by expediting police involvement. *Id*. With respect to a merchant or landlord's duty to reasonably respond to criminal acts occurring on the premises, "[i]t is only a present situation on the premises, not any past incidents, that creates a duty to respond." *MacDonald v PKT, Inc*, 464 Mich 322, 335-336; 628 NW2d 33 (2001).[6]

Under these circumstances, there is no question of fact that there was no foreseeable danger of harm to the decedent that would have triggered defendants' duty to expedite involvement of the police at any earlier time on July 31, 2015 before the stabbing occurred. See *id*. at 338 ("Whether an invitee is readily identifiable as being foreseeably endangered is a question for the factfinder if reasonable minds could differ on this point."). Because defendants did not have the necessary notice, plaintiff has failed to establish that defendants had a duty that was triggered under these circumstances. *Bailey*, 494 Mich at 614-615. Moreover, even assuming that there was a question of fact regarding whether defendants' duty was triggered, this duty was discharged because multiple witnesses called 911 as the July 31 attack was happening—presumably before defendants were even aware of it—and police responded to the scene, making unnecessary any further response from defendants. *MacDonald*, 464 Mich at 339-340. The trial court did not err by granting summary disposition to defendants on plaintiff's premises liability claim.

Finally, plaintiff argues that the trial court erred by failing to consider plaintiff's theory of ordinary negligence and treating the claim solely as one of premises liability. Plaintiff argues that the decedent's injuries were the result of defendants' conduct, not a condition on land. More specifically, plaintiff contends that defendants "assumed a duty to each resident, including the Plaintiff's decedent, to conduct background checks and prohibit known felons from residing in the residence, in accordance with their own explicit policies." Plaintiff further argues that "[d]efendants violated their assumed duty when they knowingly failed to reject or evict Bonno as a tenant despite knowledge of a recent conviction where he pled guilty to a felonius [sic] 'assault with intent to do great bodily harm less than murder or by strangulation.' "

Plaintiff's complaint included a count of premises liability and did not include a count labeled ordinary negligence. However, "[c]ourts are not bound by the labels that parties attach to their claims." *Buhalis*, 296 Mich App at 691. "[T]he gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the

---

[6] Although *MacDonald* phrased the rule in terms of merchants or premises owners generally, see *MacDonald*, 464 Mich at 334-335, a landlord's duty with respect to the criminal acts of third parties is identical, *Bailey*, 494 Mich at 614.

exact nature of the claim." *Id*. at 691-692 (quotation marks and citations omitted). "An action in premises liability . . . does not preclude a separate claim grounded on an independent theory of liability based on the defendant's conduct . . . ." *Jahnke v Allen*, 308 Mich App 472, 475; 865 NW2d 49 (2014) (quotation marks and citation omitted; second ellipsis in original).

Assuming that plaintiff's complaint also sufficiently asserted a claim for ordinary negligence in addition to premises liability, plaintiff's ordinary negligence theory essentially states that defendant's efforts to deter criminal acts by performing background checks on potential tenants were performed negligently and failed to prevent Bonno's criminal act against the decedent. However, in this context, the landlord's "undertaking of measures to *deter* the crimes of others does not create a duty to *eliminate* those crimes." *Bailey*, 494 Mich at 612, 614, 615 n 57. If this were not the rule, there would be a "a disincentive for security measures." *Id*. at 612. Furthermore, it is evident that plaintiff's theory of ordinary negligence is more akin to an assertion that defendants created the dangerous condition, which is insufficient to "transform" a premises liability claim into an ordinary negligence claim. *Jahnke*, 308 Mich App at 475 (quotation marks and citation omitted). Accordingly, plaintiff also has not shown that the trial court erred in granting summary disposition to defendants by failing to consider his claim as one of ordinary negligence.

Affirmed. No costs are awarded. MCR 7.219.

/s/ Stephen L. Borrello
/s/ Kathleen Jansen
/s/ Christopher M. Murray