*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ANDRE MCBROOM and ISIAH SCIMENS,

        Plaintiffs-Appellees,

UNPUBLISHED
December 29, 2022

v

GREEKTOWN CASINO, LLC,

        Defendant-Appellant.

No. 360078
Wayne Circuit Court
LC No. 19-017366-NO

Before: CAVANAGH, P.J., and K. F. KELLY and GARRETT, JJ.

PER CURIAM.

Plaintiffs Andre McBroom and Isiah Scimens were stabbed by an unknown individual during a physical altercation on defendant's property, the Greektown Casino in Detroit. Plaintiffs brought suit, alleging that the response to the altercation by defendant's security personnel was negligent. The trial court denied defendant's motion for summary disposition in part, finding a question of fact existed whether defendant breached its duty of care by failing to summon additional security. Because defendant fulfilled its legal duty as a merchant to respond to the incident, we reverse the trial court's denial of summary disposition and remand for further proceedings.

## I. FACTUAL BACKGROUND

In March 2018, plaintiffs decided to go to Greektown Casino with a small group of people. Upon arriving, Scimens went to play baccarat. McBroom and most others in the group walked around the casino and periodically checked in on Scimens. Around 3:30 a.m., Scimens got into an argument with the baccarat dealer, and defendant's security services responded. Because of this altercation, a casino host asked Scimens and his party to leave. The host, along with a security guard, escorted the group out of the casino into the VIP valet area.

Near the exit, the group passed two women and someone from Scimens's party made comments about the women. Once outside the casino, security footage shows an unknown man, who was apparently with the two women, confronting Scimens's party and starting an argument with someone from the group. After this confrontation began, a security guard approached to place himself between the two groups. The host and security guard kept trying to keep the groups

separated, but were ultimately unsuccessful. Soon after, a fight broke out between the two groups involving at least eight people. The host ran inside the casino while the security guard backed away from the fight and made a call on his radio. A second security guard arrived about 30 seconds after the physical altercation began, and the two security guards tried to intervene. During the fight, the unknown man took out a knife, stabbing Scimens in the face and McBroom in the leg. Less than one minute after the fight began, police officers arrived at the scene and the parties dispersed.

Plaintiffs filed a negligence action against defendant to recover damages for their injuries. After conducting discovery, defendant moved for summary disposition under MCR 2.116(C)(10). Defendant argued that its sole duty was to reasonably expedite the arrival of police, and undisputed evidence established that it discharged this duty. Plaintiffs answered, asserting there were material factual disputes about whether defendant breached its duty to respond to the altercation. Plaintiffs contended that defendant breached its duty by allowing a host to escort their group out of the casino and by failing to call the police when imminent harm arose.

Following a hearing, the trial court issued an opinion and order granting in part and denying in part defendant's motion. The trial court concluded that plaintiffs had one triable negligence theory on which to proceed:

> The Court finds that only one aspect of Plaintiffs' claims is sufficient to survive Defendant's motion. Specifically, liability potentially arose while Defendant's personnel was escorting Plaintiffs' party out of the casino, when Defendants [sic] personnel became aware of the altercation between Plaintiffs' party and the unknown assailant's party, and failed to summon additional security to be present in the valet area, as this constitutes a breach of Defendant's duty of care, or at least there is a question of fact in this regard. Thus, Defendant is not entitled to summary disposition. Defendant is, however, entitled to a ruling that Plaintiff cannot recover based on the other breaches identified[1] and to that extent the motion is granted.

Defendant moved for reconsideration, which the trial court denied. Defendant then filed an application for leave to appeal in this Court, and we granted the application to determine whether the trial court erred by denying in part defendant's motion for summary disposition.[2]

## II. STANDARD OF REVIEW

We review a trial court's decision on a motion for summary disposition, and its determination that a legal duty exists, de novo. *Jeffrey-Moise v Willamsburg Towne Houses*

---

[1] These referenced breaches came from an affidavit of plaintiffs' security expert, who concluded that defendant breached its legal duty on five separate grounds. Plaintiffs have not cross-appealed the trial court's decision to the extent that it granted summary disposition to defendant.

[2] *McBroom v Greektown Casino LLC*, unpublished order of the Court of Appeals, entered May 18, 2022 (Docket No. 360078).

*Cooperative, Inc*, 336 Mich App 616, 623-624; 971 NW2d 716 (2021). That means we review the legal issues independently and without deference to the trial court. *Wright v Genesee Co*, 504 Mich 410, 417; 934 NW2d 805 (2019).

> A motion under MCR 2.116(C)(10) tests the factual support of a plaintiff's claim. Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. In reviewing a motion under MCR 2.116(C)(10), this Court considers the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists to warrant a trial. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ. [*Zaher v Miotke*, 300 Mich App 132, 139-140; 832 NW2d 266 (2013) (quotations marks and citations omitted).]

### III. ANALYSIS

Defendant argues that the trial court erred by denying its motion for summary disposition because defendant did not breach any duty owed to plaintiffs.

"Generally, to establish a prima facie case of negligence, a plaintiff must establish (1) a duty owed by the defendant to the plaintiff, (2) breach of that duty by the defendant, (3) damages suffered by the plaintiff, and (4) that the damages were caused by the defendant's breach of duty." *Composto v Albrecht*, 328 Mich App 496, 499; 938 NW2d 755 (2019). "Duty is the legal obligation to conform one's conduct to a particular standard to avoid subjecting others to an unreasonable risk of harm." *Id*. In a negligence action, the existence of a legal duty is ordinarily a question of law for the court to decide, so long as no material issues of fact exist. *Hoffner v Lanctoe*, 492 Mich 450, 460 n 12; 821 NW2d 88 (2012).

The seminal case defining a merchant's duty to respond is *MacDonald v PKT, Inc*, 464 Mich 322; 628 NW2d 33 (2001). There, our Supreme Court reaffirmed that "a merchant has no obligation generally to anticipate and prevent criminal acts against its invitees." *Id*. at 334. The *MacDonald* Court explained the rationale for this rule:

> A premises owner's duty is limited to responding reasonably to situations occurring on the premises because, as a matter of public policy, we should not expect invitors to assume that others will disobey the law. A merchant can assume that patrons will obey the criminal law. This assumption should continue until a specific situation occurs on the premises that would cause a reasonable person to recognize a risk of imminent harm to an identifiable invitee. It is only a present situation on the premises, not any past incidents, that creates a duty to respond. [*Id*. at 335 (citations omitted).]

Once triggered, a merchant's duty to respond "requires only that a merchant make reasonable efforts to contact the police." *Id*. at 336. That is, "a merchant is not obligated to do anything more than reasonably expedite the involvement of the police." *Id*. at 338.

-3-

The trial court, without referencing *MacDonald* or any caselaw, held that a question of fact existed as to whether defendant breached its duty of care when its employees "failed to summon additional security to be present in the valet area." This conclusion flatly contradicts *MacDonald*, 464 Mich at 326, which stated that "merchants are not required to provide security personnel or otherwise resort to self-help in order to deter or quell" criminal acts by patrons. Logically, if a merchant need not hire *any* private security, then a merchant cannot breach its duty of care by failing to summon additional security to come to the scene of an altercation. See *Scott v Harper Recreation, Inc*, 444 Mich 441, 452; 506 NW2d 857 (1993) (noting that a lawsuit against a merchant cannot rest on a theory that voluntarily taken safety measures are "less effective than they could or should have been"). For this reason, "a plaintiff may not present evidence concerning the presence or absence of security personnel . . . as a basis for establishing a breach of the merchant's duty." *MacDonald*, 464 Mich at 338. Thus, as a matter of law, defendant did not breach its duty of care by having one security guard escort plaintiffs and their party out of the casino, without calling for additional security to be present in the valet area.[3]

The next question, therefore, is whether defendant reasonably expedited the involvement of the police once defendant's duty to respond was triggered. Defendant's duty to respond triggered when it became apparent that an individual was at risk of imminent harm. See *id*. at 335. Viewing the evidence in the light most favorable to plaintiffs, defendant reasonably could have recognized a risk of imminent harm to plaintiffs once the unknown assailant—according to Scimens—made threats to their party outside the casino. Surveillance footage established that the police arrived within about 90 seconds of this verbal confrontation, and less than one minute after the fight broke out. While it is unclear from the record whether defendant's security personnel called the police, activity logs established that police officers were already present at the Greektown casino, patrolling, at the time of the altercation, and that officers arrived within 90 seconds of a risk of imminent and foreseeable harm to plaintiffs arising. Therefore, even if the police were not called by defendant's security guards, officers' expeditious presence at the scene fulfilled defendant's limited legal duty to respond. See *MacDonald*, 464 Mich at 339 ("Because [the defendant] already had the police present at the concert, [the defendant] fully discharged its duty to respond."); see also *Mouzon v Achievable Visions*, 308 Mich App 415, 419; 864 NW2d 606 (2014) ("[T]he duty to contact the police has been met if the police are already present at the

---

[3] Plaintiffs asserted below that defendant's security guards were licensed private security police regulated by the Michigan Commission on Law Enforcement Standards (MCOLES), and that the security guards possessed arrest power under MCL 764.15. While individuals providing physical security to a casino must obtain an occupational license from the Michigan Gaming Control Board, see Mich Admin Code, R 432.1333(u), plaintiffs presented no evidence that this occupational license equals the licensing of private security police agencies under MCL 338.1079. In fact, defendant's security does not appear to be a private security police agency regulated by MCOLES. See Michigan Commission on Law Enforcement Standards, *Licensed Private Security Police Officers*, available at <https://www.michigan.gov/mcoles/programs-services/private-security> (accessed December 7, 2022) (listing 14 licensed private security police agencies in Michigan). Thus, defendant's only duty was to reasonably expedite police involvement. *MacDonald*, 464 Mich at 338.

scene."). Plaintiffs presented no evidence to create a genuine issue of material fact that defendant otherwise breached the applicable standard of care.[4] Accordingly, by satisfying its legal duty to respond, defendant is entitled to summary disposition under MCR 2.116(C)(10).[5]

We reverse the trial court's decision denying defendant's motion for summary disposition and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly
/s/ Kristina Robinson Garrett

---

[4] In an untimely brief filed two days before oral argument, plaintiffs argue that their claims of negligence rest on a separate and distinct common-law concept of duty that was not implicated in *MacDonald*. Plaintiffs did not raise this argument in the trial court. "Although an appellee need not file a cross-appeal to argue alternative reasons to support a judgment, to properly preserve a claim for appeal, the reasons must have been presented to the lower court." *City of Riverview v Sibley Limestone*, 270 Mich App 627, 633 n 4; 716 NW2d 615 (2006) (citations omitted). Thus, plaintiffs' new common-law argument is unpreserved. In any event, we are unpersuaded by plaintiffs' attempts to avoid the application of *MacDonald* to these facts. *MacDonald* squarely governs the duty owed by defendant in this case, and there is no genuine issue of material fact that defendant fulfilled its duty to reasonably expedite police presence.

[5] Alternatively, defendant argues that it is entitled to summary disposition based on a lack of proximate causation between defendant's "breach" and plaintiffs' injuries. Because we have concluded as a matter of law that defendant did not breach its legal duty, we need not address defendant's causation argument.