*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOCELYNE GREEN,

        Plaintiff-Appellee,

v

KWENDE RIED,

        Defendant-Appellant.

UNPUBLISHED
October 30, 2025
11:43 AM

No. 368334
Oakland Circuit Court
Family Division
LC No. 2021-507398-DS

Before: SWARTZLE, P.J., and ACKERMAN and TREBILCOCK, JJ.

PER CURIAM.

Defendant raises a host of issues in this child-custody dispute, including the trial court's subject-matter jurisdiction, plaintiff's standing, the trial court's refusal to adjourn trial following an attorney's withdrawal, its award of attorney fees to plaintiff, and its use of substituted service on defendant. Because defendant has not identified any error requiring reversal, we affirm.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In 2020, defendant filed a complaint to determine paternity, parenting time, and child support regarding a minor child whom plaintiff asserted defendant fathered. He participated in genetic testing, which confirmed he fathered the child. The trial court entered an order of filiation and ordered defendant to remit payment to the court clerk for proper filing of the order; but defendant failed to do that. The parties ultimately stipulated to dismissal, which the trial court accepted. Three months later, plaintiff initiated this case requesting child support and attorney fees, alleging that the initial paternity case was ultimately dismissed because defendant failed to comply with discovery, and as a result, the paternity case could not proceed.

A week before trial, defendant's counsel filed an emergency motion to withdraw. The trial court denied that motion. Defendant's counsel renewed that motion on the first day of trial because defendant fired her. The trial court allowed counsel to withdraw but denied defendant's motion to adjourn trial because the trial date had been set for months and the trial court suspected that defendant was engaged in gamesmanship.

After a trial spread across several months, the trial court found that the child's established custodial environment was with plaintiff, awarded plaintiff sole legal custody and child support, and granted defendant parenting time. As relevant to this appeal, the trial court also imputed an annual salary of $65,000 to plaintiff and awarded plaintiff attorney fees in the amount of $81,816. Defendant appeals by right.

## II. SUBJECT-MATTER JURISDICTION AND STANDING

Defendant argues that the trial court erred by denying his motions for dismissal and summary disposition pursuant to MCR 2.116(C)(1) and (4) for lack of subject-matter jurisdiction and plaintiff's standing. On de novo review, *Teran v Rittley*, 313 Mich App 197, 205; 882 NW2d 181 (2015) (subject-matter jurisdiction); *Varela v Spanski*, 329 Mich App 58, 68; 941 NW2d 60 (2019) (summary disposition); *Mouzon v Achievable Visions*, 308 Mich App 415, 418; 864 NW2d 606 (2014) (motion to dismiss), we disagree.

Begin with subject matter jurisdiction, "the right of the court to exercise judicial power over a class of cases, not the particular case before it." *Teran*, 313 Mich App at 205 (quotation marks and citations omitted). *Id*. "It is the abstract power to try a case of the kind or character of the one pending, but not to determine whether the particular case is one that presents a cause of action, or under the particular facts, is triable before the court in which it is pending." *Id*. "[T]he circuit court is presumed to have subject-matter jurisdiction over a civil action unless Michigan's constitution or a statute expressly prohibits it from exercising jurisdiction or gives to another court exclusive jurisdiction over the subject matter of the suit." *Id*. at 206.

MCL 722.720 of the Paternity Act, MCL 722.711 *et seq*., provides a circuit court with continuing jurisdiction over proceedings to increase or decrease the amount of child support determined by the order of filiation, and to change or enforce custody, support, or parenting time provided for in the order of filiation. Here, plaintiff filed a complaint requesting child support and attorney fees on the basis of an order of filiation entered in a previous paternity action in which defendant was determined to be the biological father of the child. The trial court, therefore, had subject-matter jurisdiction over plaintiff's action.

Defendant's related argument that plaintiff lacked standing to bring the action because the original paternity action did not establish defendant's paternity likewise lacks merit. "Standing generally refers to the right of a plaintiff initially to invoke the power of a trial court to adjudicate a claimed injury." *Pueblo v Haas*, 511 Mich 345, 355; 999 NW2d 433 (2023) (quotation marks and citation omitted). "[I]n cases involving private rights, a litigant must have some real interest in the cause of action, or a legal or equitable right, title, or interest in the subject matter of the controversy." *Id*. (quotation marks and citation omitted).

"Under the Paternity Act, a party can seek a judicial determination of paternity[.]" *Aichele v Hodge*, 259 Mich App 146, 155; 673 NW2d 452 (2003). If a determination of paternity has been made, a parent may then seek custody and parenting time under the Child Custody Act, MCL 722.21 *et seq*. *Id*. MCL 722.714 of the Paternity Act also incorporates the ability to seek child support using the formula set forth in the Friend of the Court Act, MCL 552.501 *et seq*. MCL 722.717(3). "[A]n order of filiation is 'a judicial order establishing an affiliated father.' " *Glaubius v Glaubius*, 306 Mich App 157, 167; 855 NW2d 221 (2014), quoting former MCL

722.1433(5), as amended by 2012 PA 159. "Thus, an order of filiation is a judicial order establishing that a man has been determined in a court to be a child's father." *Glaubius*, 306 Mich App at 167.

The trial court, therefore, did not err by denying defendant's motions for dismissal and summary disposition because the trial court had subject-matter jurisdiction over plaintiff's action, and plaintiff had standing to bring a support action against defendant as the father.

## III. MOTION TO ADJOURN

Defendant next argues that the trial court abused its discretion by denying his request for an adjournment upon the withdrawal of his counsel on the day of trial. We disagree.

A party may request an adjournment "in writing or orally in open court based on good cause." MCR 2.503(B)(1). The motion must state the reason, which party is requesting adjournment, and whether other adjournments have been requested and granted. MCR 2.503(B)(2). An adjournment may be granted if a party demonstrates "a legally sufficient or substantial reason." *Ypsilanti Charter Twp v Dahabra*, 338 Mich App 287, 292; 979 NW2d 725 (2021) (quotation marks and citation omitted). Denial is typically appropriate in cases where there has been "some combination of numerous past continuances, failure of the movant to exercise due diligence, and lack of any injustice to the movant." *Pugno v Blue Harvest Farms*, LLC, 326 Mich App 1, 28; 930 NW2d 393 (2018) (quotation marks and citation omitted). We review a trial court's decision on a motion for an adjournment for an abuse of discretion, which occurs when the "decision falls outside the range of principled outcomes." *Id*. at 27-28 (quotation marks and citation omitted).

Defendant argues that he had a legally sufficient or substantial reason for an adjournment after his attorney moved to withdraw on the first day of trial. This justification may constitute good cause in some cases, but not here because defendant fired his attorney just days before trial was scheduled with little or no justification provided. Nor does defendant give us reason to discount the trial court's gamesmanship finding, which it rooted in the parties talking about a possible judicial reassignment during a prior hearing.

His argument that the trial court's failure to adjourn prejudiced him because he was prevented from filing witness and exhibit lists fares no better. Despite defendant's assertions otherwise, the trial court allowed him to file a late witness list, and when he asked about presenting an exhibit, the trial court noted that he did not request to file an exhibit list when he moved to file a witness list. Nevertheless, the trial court informed defendant that it would entertain a motion regarding an exhibit list should he choose to file one. He did not and fails to explain here what exhibits he was unable to submit into evidence, which witnesses he was not allowed to call, or how they were necessary for the proper presentation of his case. See *Kilian v TCF Nat'l Bank*, 343 Mich App 621, 638; 997 NW2d 745 (2022) ("[G]enerally, the appellant bears the burden of furnishing the reviewing court with a record that verifies the basis of any argument on which reversal or other claim for appellate relief is predicated.") (quotation marks and citation omitted; alteration in original). Notably, defendant also fails to acknowledge that the trial was continued for two days in July—three months after it began—and defendant did not take steps to retain a new attorney.

For these reasons, defendant has failed to demonstrate the trial court abused its discretion denying his request to adjourn the trial.

## IV.  ATTORNEY FEES

Defendant next takes issue with the trial court's awarding plaintiff attorney fees, asserting plaintiff neither established that she was unable to afford her attorney fees nor that he violated court orders as required by the applicable court rules.  Reviewing that decision for abuse of discretion, *Souden v Souden*, 303 Mich App 406, 414; 844 NW2d 151 (2013), we disagree.

Attorney fees are generally not recoverable unless provided for by statute, court rule, or common-law exception.  *Teran*, 313 Mich App at 210.  Plaintiff requested attorney fees pursuant to MCR 3.206(D)(2)(a) and (b).  Those provisions allow a trial court to award attorney fees in an action for child support when the requesting party alleges "facts sufficient to show that . . . the party is unable to bear the expense of the action . . . , and that the other party is able to pay," MCR 3.206(D)(2)(a), or if they "were incurred because the other party refused to comply with a previous court order, despite having the ability to comply, or engaged in discovery practices in violation of these rules," MCR 3.206(D)(2)(b).  The party requesting the attorney fees bears the burden of establishing facts sufficient to support an award of attorney fees.  *Teran*, 313 Mich App at 210.

While defendant emphasizes plaintiff's 2019 reported gross income of $250,000 and a net income of $200,000 to challenge the trial court's inability-to-pay finding, plaintiff explained that her employment and income had changed since 2019.  Plaintiff had been unemployed since the COVID-19 pandemic and unsuccessful in her diligent search for employment because many prospective employers instituted a hiring freeze in response to the pandemic.  At the time of trial, plaintiff had exhausted retirement funds to sustain her living expenses and suspended her mortgage payments for six months.  Other than gifts from family to cover expenses, she did not have any income.  Plaintiff thought that her expenses were about $3,000 to $3,500 per month.  Ultimately, the trial court found plaintiff a credible witness and imputed $65,000 as her base, annual income, and awarded attorney fees.

Upon consideration of plaintiff's testimony and the trial court's finding regarding her credibility, that decision was not an abuse of discretion.  Start with its inability-to-pay conclusion under MCR 3.206(D)(2)(a).  Plaintiff testified that she did not have a current income, relied on financial assistance from her family, and used retirement funds, which amply supported a finding that attorney fees were necessary for plaintiff to defend her suit.  Additionally, plaintiff's imputed income was less than the amount of attorney fees owed, which the trial court was allowed to consider as a factor in awarding plaintiff's request for attorney fees.

That defendant eventually obeyed the court's orders by paying tuition and child support is of no moment to the trial court's separate anchoring of its attorney fee award under MCR 3.206(D)(2)(b).  Defendant admitted at trial that he did not pay court-ordered child support, and plaintiff was forced to file motions for show cause after defendant failed to pay child support and tuition.  And although he testified that he did not understand how court orders worked, that lack of understanding cannot be used to establish that the trial court erred.  See *Spohn v Van Dyke Public Schools*, 296 Mich App 470, 488; 822 NW2d 239 (2012) ("[I]gnorance of the law is no excuse.") (citation and quotation marks omitted).

-4-

In sum, defendant's actions and eventual payments under threat of court intervention demonstrate that he violated the trial court's orders for tuition and child support, and accordingly, the trial court did not abuse its discretion by granting plaintiff attorney fees.

## V. SUBSTITUTED SERVICE

Finally, defendant argues that the trial court erred by allowing substituted service because it was not fashioned to provide defendant with actual notice of the show-cause hearing. That issue is moot.

The trial court granted plaintiff's motion to serve defendant an order to show cause via Truefiling, e-mail, and text message to his last known cellphone number. Defendant did not appear for the show-cause hearing, and a bench warrant was issued. The warrant, however, was eventually dismissed when defendant appeared before the court. Because the bench warrant was dismissed, any order from this Court would not have an effect on the issue. In general, this Court refrains from deciding issues that are moot because it is impossible for this Court "to craft an order that would have any practical effect on the issue." *Moore v Genesee Co*, 337 Mich App 723, 727; 976 NW2d 921 (2021). Because this issue is moot and not one of public significance, we decline to address it. *Id*.

## VI. CONCLUSION

For these reasons, we affirm the trial court's judgment.

/s/ Brock A. Swartzle
/s/ Matthew S. Ackerman
/s/ Christopher M. Trebilcock